### RIES v. HENDERSON.

(Circuit Court of Appeals, Fourth Circuit. February 13, 1897.)

APPEAL—FINAL DECREE.

> A decree dissolving a partnership, enjoining, "until the final decree in this suit," both parties from disposing of the partnership property, directing that testimony be taken before a commissioner as to moneys claimed to have been advanced to the partnership by complainant, and that costs shall "abide the further and final decree of this court," is not a final, appealable decree.

Appeal from the Circuit Court of the United States for the District of Maryland.

This was a suit in equity by Albert H. Henderson against Elias E. Ries for dissolution of a partnership existing between them, which was formed for the purpose of owning, exploiting, selling, etc., certain patents covering inventions made by defendant, Ries, relating to the art of electricity. The bill of complaint prayed for an injunction to restrain the defendant from selling or disposing of the patents, inventions, and other property of the partnership, for dissolution of the partnership, for the appointment of a receiver to wind up its affairs, and for an accounting. Among other things alleged in the bill, it was asserted that complainant had advanced large sums of money to the partnership for the exploitation and development of the patents, which sums he was entitled to have repaid to him before any division of the firm profits.

On June 19, 1896, the following decree, omitting the merely formal parts, was entered by the circuit court:

> This cause having been set for preliminary hearing upon the prayer of the bill of complaint for an injunction and for the appointment of a receiver, and having been argued by counsel for the respective parties, and the court having read and considered the pleadings, exhibits, and all the proceedings, and having also considered the arguments of said counsel, it is thereupon, this 19th day of June, eighteen hundred and ninety-six, by the circuit court of the United States for the district of Maryland, sitting in equity, adjudged, ordered, and decreed that the co-partnership heretofore existing between the plaintiff and the defendant, under the firm name of Ries & Henderson, be, and the same is hereby, dissolved. And it is further adjudged, ordered, and decreed that, until the passage of the final decree in this case, both parties to this suit be, and they are, hereby restrained and enjoined from selling or in any manner disposing of any of the inventions, patents, and improvements or other co-partnership assets of the late firm of Ries & Henderson, or of any interest therein, except by mutual written agreement, and in pursuance of the special order of this court to be passed in the premises; but leave is hereby reserved to either party to this suit to negotiate prior to final decree for the sale of the entire or partial interest in any patent belonging

to the partnership, and to report to this court any offer which he may obtain therefor; and this court will, after proper notice to the other party and the opportunity to him to be heard, proceed to pass upon the propriety of accepting or rejecting any such offer as may be so obtained, and as to the temporary and final disposition of the proceeds of sale. And forasmuch as it does not certainly appear from the proceedings what, if any, advances have been made by the plaintiff to or for account of the late co-partnership of Ries & Henderson, as charged in the bill of complaint, it is further adjudged, ordered, and decreed that testimony be taken by the parties before one of the standing commissioners of this court to ascertain what moneys, if any, have been so advanced by the plaintiff; and, upon the coming in of said testimony, the court will proceed to finally decree as to the repayment and reimbursement to the plaintiff of such of the said advances as may be proper, and as to the manner in which his lien therefor, if any, upon the partnership assets, may be made effective and be worked out, and also as to the distribution of the firm assets between the parties. And, forasmuch as it is represented to the court by the defendant that it is necessary that certain appeals or legal proceedings be at once taken for the protection of the patent rights of the said firm, it is now further ordered that either party may advance the amount requisite to defray the expenses thereof, without prejudice, however, to either party, and with liberty to both parties, to be heard by this court as to the legal effect of such payment, and to it to decree hereafter as to whether the same has been properly incurred for account of the firm or for either party to this case, and as to the proper charge to be made therefor. And it is further adjudged, ordered, and decreed that the payment of the costs of this suit abide the further and final decree of this court, and that the plaintiff's application for the appointment of a receiver of the firm assets stand over until said final decree or the further order of this court.

From the foregoing decree an appeal was taken by the defendant on December 12, 1896. The complainant has now moved to dismiss the appeal, on the grounds (1) that, so far as it is an appeal from a decree granting a preliminary injunction, it was taken too late; and (2) that, as to the rest of the decree, the same was not final, and the appeal would therefore not lie.

John P. Poe and Arthur Stewart, for appellant.

Schmucker & Whitelock, for appellee.

Before GOFF and SIMONTON, Circuit Judges, and BRAWLEY, District Judge.

GOFF, Circuit Judge. This cause having been called for hearing upon the motion of the appellee to dismiss the appeal, and counsel for the respective parties having been heard in argument, and the court being of opinion that the decree of the lower court is not a final decree, from which an appeal will lie at this stage of the cause to this court to review the same, it is now here ordered, adjudged, and decreed by this court, this 13th day of February, 1897, that the appeal of Elias E. Ries be, and the same is hereby, dismissed, without prejudice to the rights of either party in the court below, and that the said Elias E. Ries do pay the costs in this court. Let the mandate issue forthwith.